## Gregorio Noceto, Appellee, v. Maurice Weill et al., Appellants.

## Gen. No. 15,990.

1. DAMAGES—*withdrawal of lateral support.* If the building of an adjacent owner is injured in consequence of the withdrawal of lateral

support there can be no recovery provided the soil was withdrawn with reasonable care and skill to avoid unnecessary injury.

2. DAMAGES—*withdrawal of lateral support.* If the building of an adjacent owner is injured by the careless and negligent manner in which the adjacent soil is withdrawn, or if it is injured by the removal of soil from under the wall of such adjoining owner, a recovery will be allowed.

Appeal from the Superior Court of Cook county; the HON. HENRY V. FREEMAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed November 15, 1911.

**Statement by the Court.** In this case Gregorio Noceto recovered a verdict in a jury trial of $1,000, as damages to his building and against Maurice Weill. A *remittitur* of five dollars being entered by Noceto, judgment was rendered in his favor and against Weill for $995, from which the latter has appealed.

Appellant built a brick building with a basement adjoining that of appellee on North Peoria street, Chicago. Appellant's building was built up to the building line of Peoria street, while that of appellee stood back seven and one-half feet with a brick wall running from the front of the building to the sidewalk. The original count of the declaration charged that on May 1, 1907, appellant with force and arms, broke and entered the close of appellee, and removed the earth from under the building of appellee, thereby causing the walls of said building to settle and crack and bulge in many places, and also causing the brick work, stone work, mortar work, wood work and other materials to crack and separate in many places. Other counts charge that appellant negligently failed to use reasonable care in removing the earth from and adjacent to appellee's building, and negligently failed to notify appellee of his intention to excavate on the lot adjoining appellee so that he could protect against it, thereby causing the damages aforesaid.

LOUIS S. GIBSON, for appellants.

WALTER J. WATTS and WM. ELMORE FOSTER, for appellee.

MR. JUSTICE DUNCAN delivered the opinion of the court.

Appellants' contention that the court erred in refusing to direct a verdict of not guilty at the close of all the evidence, cannot be sustained under the evidence in this record. A number of appellee's witnesses testified that the excavations in several places did not stop at the outer wall line of appellee, but extended under the wall several inches, and that shortly thereafter the wall of appellee's building began to crack and to bulge. About two witnesses testified for appellant that his excavations did not extend under the wall of appellee, and some four or five witnesses testified that there were cracks in appellee's building before the excavations in question were made. The greater number of witnesses on these questions testified for appellee, and we can find no reason in the evidence for saying that they were less credible or less worthy of belief than those of appellant. We cannot hold, therefore, that the verdict is against the manifest weight of the evidence. If appellant did extend his excavations under the wall of appellee and cause his wall to crack in several places, and to bulge in one place some two or three inches, as appellee's witnesses testify and as the jury evidently found, appellee was clearly entitled to recover, and his damages are not excessive.

It is the law that, if appellee's building was injured by appellant in consequence of the withdrawal of the lateral support of the adjacent soil, that there can be no recovery therefor, provided the soil was withdrawn with reasonable care and skill to avoid unnecessary injury. It is also true that, if the building was injured by the careless and negligent manner in which the soil was withdrawn, or if injured by removing the soil of appellee from under his wall, that in such cases appel-

lee would be entitled to recover to the extent of the injury thus occasioned. The court stated the law applicable to this case, as thus laid down in apt language in the instructions given for appellant, and positively instructed the jury that appellee could not recover any damages except such damages as might be shown by the evidence to be the result of such negligence of appellant in removing lateral support, or from his unlawful act in removing appellee's soil from under his building wall. It is insisted, however, by appellant that the first instruction given for appellee had a tendency to lead the jury to believe that, if the removal of appellant's earth caused the damage, he would be liable without regard to the question of whether or not appellant was guilty of negligence. We do not think the instruction is subject to that criticism. The instruction simply informed the jury that, if appellant, or its agents, unlawfully removed the dirt from under the plaintiff's building, and thereby caused the damage, he should be found guilty. The appellant had no right to remove earth by digging under appellee's house, and if he did so, and thereby caused the injury, he was liable. The same idea is embodied in appellant's instruction No. 11. The second instruction of appellee was correct for the same reason, and the evidence as to the plans and specifications is sufficient, in view of the other evidence that digging was actually done under appellee's wall, to submit the question to the jury as to whether or not such digging was authorized by appellant.

Appellee had no notice of any intent to dig or excavate soil under his building, but, on the contrary, he was assured in the notice given him by appellant that no such excavation would be made. He, therefore, had no reason to anticipate, or protect against, such excavation. The third instruction of appellee is, therefore, not without evidence to support it. Evidence was also introduced by appellant tending to show that appellee's building was over the line and on appellant's lot. The

166 APPELLATE COURTS OF ILLINOIS.

W. A. Jones F. & M. Co. v. A., E. & C. R. Co., 166 Ill. App. 166.

fourth instruction of appellee is for that reason not subject to appellant's objection that it is not based on the evidence.

There is no valid objection to appellee's fifth instruction, which simply informs the jury that, if they found that he was entitled to recover, the measure of his damages would not be less than the amount they found from the evidence that his building was diminished in value, as a result of the wrongful acts complained of in the declaration. It is not, at any rate, subject to the objection made to it by appellant.

We do not think the appellant's claim that improper evidence was admitted is tenable. As appellee's building wall was proven to be a sound wall, it was proper for witnesses to base their estimate of damages on that condition, leaving the jury to say from the evidence whether or not it was sound.

We find no reversible error in the record, and the judgment of the court is, therefore, affirmed.

*Judgment affirmed.*